1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

BECKY A. CHRISTEN,                    )
                                      ) No. CV-11-297-JPH
          Plaintiff,                  )
                                      ) ORDER GRANTING DEFENDANT'S
v.                                    ) MOTION FOR SUMMARY JUDGMENT
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security,                   )
                                      )
          Defendant.                  )
                                      )
_____ )

     BEFORE THE COURT are cross-motions for summary judgment. ECF
No. 13, 16. Attorney Maureen J. Rosette represents Plaintiff.
Special Assistant United States Attorney Jessica Milano represents
the Commissioner of Social Security (Defendant). The parties have
consented to proceed before a magistrate judge. ECF No. 8. On
November 5, 2012, plaintiff filed a reply. ECF No. 18. After
reviewing the administrative record and the briefs filed by the
parties, the court **grants** Defendant's Motion for Summary Judgment,
ECF No. 16.

                         **JURISDICTION**

     On October 17, 2008, plaintiff protectively applied for
supplemental security income (SSI) alleging onset date as of
October 1, 2008 (Tr. 120-126, 130). The application was denied
initially and on reconsideration (Tr. 85-88, 92-93). Christen
alleged disability due to back problems, neck pain, and mental

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                  - 1 -

1  problems (Tr. 135).

2      Administrative Law Judge (ALJ) James W. Sherry held a hearing

3  November 20, 2009. Plaintiff, represented by counsel, and a

4  vocational expert testified (Tr. 35-82). On January 11, 2010, the

5  ALJ issued an unfavorable decision (Tr. 17-28). The Appeals

6  Council denied review June 22, 2011 (Tr. 1-3), making the ALJ's

7  decision the final decision of the Commissioner appealable to the

8  district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed

9  this action for judicial review August 9, 2011. ECF Nos. 1, 4.

10                          **STATEMENT OF FACTS**

11      The facts have been presented in the administrative hearing

12  transcript, the ALJ's decision, and the briefs of the parties.

13  They are only briefly summarized here.

14      Plaintiff was 49 years old when she applied for benefits and

15  51 at the hearing (Tr. 27, 38). Christen graduated from high

16  school. She has worked as a security guard/gate tender, and last

17  worked in May 2002 (Tr. 43, 45, 135). She is single and lives with

18  her nineteen year old son (Tr. 42-43). She broke her right arm in

19  August 2009 (Tr. 44). Christen testified she cannot work due to

20  low back pain that mostly radiates into the right leg; constant

21  right arm swelling; depression and concentration problems (Tr. 48,

22  50-52). She can sit for 30 minutes, stand for 15, and walk two

23  blocks. She falls a lot (Tr. 56, 58). In an eight hour day she

24  could sit for four hours, and stand and walk less than two (Tr.

25  63). When Christen had medical insurance she took prescribed

26  antidepressants and thought they helped (Tr. 65). Christen takes

27  methadone but it does not make her tired (Tr. 38, 59).

28  ///

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 2 -

1                    **SEQUENTIAL EVALUATION PROCESS**

2        The Social Security Act (the Act) defines disability as the

3   as the "inability to engage in any substantial gainful activity by

4   reason of any medically determinable physical or mental impairment

5   which can be expected to result in death or which has lasted or

6   can be expected to last for a continuous period of not less than

7   twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act

8   also provides that a Plaintiff shall be determined to be under a

9   disability only if any impairments are of such severity that a

10  plaintiff is not only unable to do previous work but cannot,

11  considering plaintiff's age, education and work experiences,

12  engage in any other substantial gainful work which exists in the

13  national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

14  Thus, the definition of disability consists of both medical and

15  vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156

16  (9th Cir. 2001).

17       The Commissioner has established a five-step sequential

18  evaluation process for determining whether a person is disabled.

19  20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person

20  is engaged in substantial gainful activities. If so, benefits are

21  denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not,

22  the decision maker proceeds to step two, which determines whether

23  plaintiff has a medically severe impairment or combination of

24  impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

25       If plaintiff does not have a severe impairment or combination

26  of impairments, the disability claim is denied. If the impairment

27  is severe, the evaluation proceeds to the third step, which

28  compares plaintiff's impairment with a number of listed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 3 -

1  impairments acknowledged by the Commissioner to be so severe as to

2  preclude substantial gainful activity. 20 C.F.R. §§

3  404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P

4  App. 1. If the impairment meets or equals one of the listed

5  impairments, plaintiff is conclusively presumed to be disabled.

6  If the impairment is not one conclusively presumed to be

7  disabling, the evaluation proceeds to the fourth step, which

8  determines whether the impairment prevents plaintiff from

9  performing work which was performed in the past. If a plaintiff is

10 able to perform previous work, that Plaintiff is deemed not

11 disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At

12 this step, plaintiff's residual functional capacity (RFC)

13 assessment is considered. If plaintiff cannot perform this work,

14 the fifth and final step in the process determines whether

15 plaintiff is able to perform other work in the national economy in

16 view of plaintiff's residual functional capacity, age, education

17 and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

18 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

19      The initial burden of proof rests upon plaintiff to establish

20 a *prima facie* case of entitlement to disability benefits.

21 *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

22 *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

23 met once plaintiff establishes that a physical or mental

24 impairment prevents the performance of previous work. The burden

25 then shifts, at step five, to the Commissioner to show that (1)

26 plaintiff can perform other substantial gainful activity and (2) a

27 "significant number of jobs exist in the national economy" which

28 plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 4 -

1 Cir. 1984).

2 **STANDARD OF REVIEW**

3     Congress has provided a limited scope of judicial review of a

4 Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold

5 the Commissioner's decision, made through an ALJ, when the

6 determination is not based on legal error and is supported by

7 substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

8 Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

9 "The [Commissioner's] determination that a plaintiff is not

10 disabled will be upheld if the findings of fact are supported by

11 substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th

12 Cir. 1983)(*citing* 42 U.S.C. § 405(g)).

13 **ALJ'S FINDINGS**

14     At step one, the ALJ found plaintiff did not engage in

15 substantial gainful activity after onset in October of 2008 (Tr.

16 19). At steps two and three, he found Christen suffers from lumbar

17 degenerative disc disease (DDD), history of right arm fracture,

18 major depressive disorder (recurrent, moderate), opioid dependence

19 in remission and history of fibromyalgia, impairments that are

20 severe but do not meet or medically equal a Listed impairment (Tr.

21 19-20). The ALJ found Christen's allegations regarding her

22 limitations were not entirely credible (Tr. 23). ALJ Sherry

23 assessed an RFC for a range of light work (Tr. 22). At step four,

24 relying on a vocational expert, the ALJ found Christen is unable

25 to perform any past relevant work (Tr. 26). At step five, again

26 relying on the VE, the ALJ found Christen can perform other jobs

27 such as small products assembler and hand packer/packing line

28 worker (Tr. 27). The ALJ found plaintiff has not been disabled as

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

defined by the Social Security Act at any time after she filed her application (Tr. 28).

## ISSUES

Plaintiff alleges the ALJ erred when he weighed the opinions of Bailey, Bingham, and Bichler, and when he assessed Christen's credibility. ECF No. 14 at 11-16. The Commissioner answers that the ALJ's reasoning is supported by the record and free of legal error. He asks the Court to affirm. ECF No. 17 at 18.

## DISCUSSION

**A. Standards for weighing opinion evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751(9th Cir. 1989)(citations omitted). More weight is given to a

treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.,* 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-1043 (9th Cir. 1995).

**B. Psychologist Bailey**

Agency psychologist James Bailey, Ph.D., reviewed the record. On January 26, 2009, he opined Christen is able to understand and remember short, simple instructions; she may require more time with detailed instructions but is otherwise capable. He opined she can carry out short and simple instructions with limited social interaction and may require more time with detailed instructions. She is capable of making simple work-related decisions. He opined Christen can maintain appropriate behavior and cleanliness and

"interact with co-workers/ask questions at a limited, superficial capacity" (Tr. 232). Last, he opined Christen is able to adapt to changes, use public transportation and take normal workplace precautions. *Id*.

Plaintiff alleges the ALJ should have relied on the checked boxes on a standard form rather than Dr. Bailey's narrative when he assessed her residual functional capacity. ECF No. 14 at 12-13. At the hearing the ALJ pointed out that Dr. Bailey's *narrative* is the assessed RFC, not the worksheet, as plaintiff alleges (Tr. 80).

ALJ Sherry is correct. Citing *Israel v. Astrue*[1], the Commissioner accurately points out that the Ninth Circuit recently rejected this argument[2]. ECF No. 17 at 18-19.

Plaintiff alleges the assessed RFC also failed to include some of Dr. Bailey's assessed limitations: namely, that Christen may require more time to understand, remember and carry out detailed instructions, and is able to interact with/ask questions of co-workers in a limited, superficial capacity. ECF No. 14 at 13. The Commissioner responds that the assessed RFC adequately captures Christen's mental limitations. ECF No. 17 at 20.

The Commissioner is correct. An "ALJ's assessment of a claimant adequately captures restrictions related to

---

[1] Case No. 11-35794, 2012 WL 4845578, at *2-3 (9th Cir. Oct. 12, 2012)(Slip op.).

[2] "[Israel] cites [no] authority that requires the ALJ to separately weigh and consider each checked box in Section I of the MRFCA." *Isreal v. Astrue*, Slip. Op. at *3. "[I]t is the narrative written by  the psychiatrist or psychologist in section III ... that adjudicators are to use as the assessment of RFC." *Israel*, Slip Op. at *4, n. 1, citing POMS DI 25020.010B.1.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 8 -

concentration, persistence or pace where the assessment is

consistent with restrictions identified in the medical testimony."

*Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008)(internal

citations omitted). This is significant because the ability to

carry out detailed instructions is a measure of "sustained

concentration and persistence" (Tr. 230 at I.B.).

Here the ALJ relied on restrictions identified in the medical

testimony of Dr. Bailey when making the RFC assessment. Dr. Bailey

"checked the box" indicating a moderate limitation in the ability

to maintain attention and concentration for extended periods (Tr.

230). In his RFC assessment, Dr. Bailey opined claimant is

> able to remember short, simple directions; may require
> more time with detailed instructions but is otherwise
> capable.
>
> Able to carry out short and simple instructions with
> limited social interaction; may require more time with
> detailed instructions. Capable of making simple
> work-related decisions.
>
> Able to maintain appropriate behavior and cleanliness
> and interact with co-workers/ask questions at a limited,
> superficial capacity.
>
> Able to adapt to changes, use pubic transport, and take
> normal work-place precautions.

(Tr. 232).

The ALJ's restrictions related to concentration, persistence

or pace are consistent with restrictions identified in the medical

testimony. Accordingly, the RFC adequately captures these

limitations. *See Stubbs-Danielson*, 539 F.3d at 1174. With respect

to Dr. Bailey's opinion that interacting with and asking questions

of coworkers should be on a limited, superficial basis, the ALJ's

hypothetical was limited to occasional superficial contact with

the public, coworkers and supervisors (Tr. 22). This limitation is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                   - 9 -

also consistent with Dr. Bailey's testimony and with the record as a whole. Examining psychologist Nathan Henry, Psy.D., diagnosed major depressive disorder (recurrent, moderate) and opioid dependence. He assessed a GAF of 51, indicative of moderate symptoms or difficulty. Dr. Henry cautioned that diagnosis and prognosis are both complicated by opioid dependence. He opined if Christen's depressive symptoms were brought under better control and she continues to refrain from abusing opiates or other substances, "she would be expected to be able to return to work." (Tr. 244).

As the ALJ points out, Christen has had virtually no treatment for depression during the relevant time frame, significantly undercutting allegations of disabling depression (Tr. 23-25). The ALJ properly weighed the evidence of mental limitations.

**C. Bingaman, incorporated by Backlund and Platter**

Plaintiff alleges the ALJ should not have relied on Tony Bingaman's opinion because he was a "non-treating, non-examining, single decision maker," and is not a medical doctor. ECF No. 14 at 15-16.

Mr. Bingaman's RFC was approved by Drs. William Backlund and Platter, who are both medical doctors (Tr. 239-40, 247). Citing *Rustad v. Astrue*, 2012 WL 314908 at *8 (E.D. Wash. Aug. 1, 2012)(slip copy), the Commissioner responds that the ALJ properly based the physical RFC determination on Drs. Backlund and Platter's opinions which incorporated by reference Mr. Bingaman's assessment. ECF No. 17 at 21. The Commissioner is correct.

The Commissioner adds that because the opinions of Backlund

1   and Platter were "well supported by the record as a whole," the

2   ALJ was entitled to credit them. ECF No. 17 at 21.

3        The Commissioner is correct. The ALJ properly weighed these

4   opinions.

5   **D. Bichler's opinion**

6        Plaintiff alleges the ALJ failed to properly credit the

7   opinion of Karen Bichler, ARNP. ECF No. 14 at 14-16. The

8   Commissioner answers that the ALJ properly discounted the opinion

9   because it was given for GAU purposes, it was not well supported

10  by clinical or laboratory findings, and it lacked support in the

11  rest of the record. ECF No. 17 at 22-23, citing Tr. 26.

12       The Commissioner is correct.

13       Nearly a year after onset, on November 5, 2009, Ms. Bichler

14  opined Christen is limited to sedentary work. She noted Christen

15  had not worked in eight years and has been going to the methadone

16  clinic since October 2008. She had been discharged from CHAS

17  Clinic for non-compliance and drug addiction. Christen has a

18  surgical consultation regarding a possible hernia in five days.

19  Ms. Bichler recommended an MRI of the lumbar spine, as well as a

20  substance abuse evaluation and treatment. She opined that after

21  receiving recommended treatment, Christen's ability to work should

22  be re-evaluated in six months (Tr. 259-60).

23       The ALJ properly weighed this opinion. Despite assessing an

24  RFC limited to sedentary work, the results of Bichler's own

25  examination show claimant's results were all normal, with the

26  exception of forward bending (Tr. 259). An ALJ need not accept the

27  opinions of a doctor if that opinion is brief, conclusory, and

28  inadequately supported by clinical findings. *Bayliss v. Barnhart*,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 11 -

427 F.3d 1211, 1216 (9th Cir. 2005).

Ms. Bichler assessed limitations based on Christen's reported hernia, high blood pressure and remote history of a fractured tail bone. In November 2009 Ms. Bichler does not mention that Christen broke her right wrist and underwent surgery two months earlier.

Plaintiff alleges the ALJ's hypothetical should have included the limitations of reduced strength and reduced range of motion in the right (dominant) arm, following the broken wrist. ECF No. 18 at 3.

Christen is incorrect.

Christen did not undergo follow up treatment for this condition after surgery and post operative examination. The ALJ was not required to include any wrist-related limitations because they do not meet the 12 month durational requirement, nor are they severe based on Ms. Bichler's examination.

**E. Credibility**

Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). The ALJ gave clear and convincing reasons for his adverse credibility determination. When he assessed credibility the ALJ considered, in part, plaintiff's failure to seek treatment, lack of compliance with treatment and inconsistent statements (Tr. 23-24).

The ALJ notes Christen failed to seek medical treatment after she was seen three times in August 2001 (for abscesses related to "skin popping and intravenous drug use") until September 2007,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 12 -

when she ran out of methadone early due to taking more than
prescribed. She sought no treatment from February 13, 2008 until
September 2, 2008, when she was treated for bronchitis and a staph
infection (Tr. 23-24, 205, 272, 275-76, 278). She failed to comply
with the terms of her treatment plan at CHAS clinic and was
terminated in February 2008 Tr. 188). Christen gave conflicting
reasons for failing to comply with outpatient substance abuse
treatment. She told Dr. Henry she was waiting to take the classes
with her brother. On other occasions Christen said CHAS would not
schedule her an appointment, and on another, she said she had to
go to Atlanta to pick up her grandson. With respect to
credibility, the ALJ also observes in August 2009 Christen told
Martin Janout, M.D., that she has to mow the lawn frequently. She
is described as "unemployed but quite active" (Tr. 24, 191, 194,
200, 242, 256).

These are clear and convincing reasons supported by
substantial evidence. *Thomas v. Barnhart,* 278 F.3d 947, 958-959
(9th Cir. 2002)(inconsistent statements diminish credibility);
*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(unexplained
failure to follow medical treatment diminishes credibility).

**F. Grids**

Plaintiff alleges if the ALJ had properly credited Ms.
Bichler's opinion, Christen would have been found disabled under
Grid rule 201.12. ECF No. 14 at 16. As noted above, the ALJ
properly weighed the medical and other evidence. Accordingly, the
Grids do not apply.

It is the role of the trier of fact to resolve conflicts in
evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

1  acted in accordance with his responsibility to determine the

2  credibility of the medical evidence, and he gave specific,

3  legitimate reasons for discrediting particular opinions. *See*

4  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992);

5  *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989).

6      Although the evidence may support more than one rational

7  interpretation, the Court may not substitute its judgment for that

8  of the Commissioner where, as here, proper legal standards were

9  applied in weighing the evidence and making the decision. *See*

10 *Brawner*, 839 F.2d at 433; *Sprague*, 812 F.2d at 1229-1230.

11     The ALJ properly weighed the medical evidence of

12 psychological limitations and plaintiff's credibility. He came to

13 a reasonable conclusion based on the evidence in the record, and

14 that ends the court's inquiry on appeal. *Bayliss v. Barnhart*, 427

15 F.3d 1211, 1214 n. 1 (9th Cir. 2005)("If the record would support

16 more than one rational interpretation, we defer to the ALJ's

17 decision.").

18                          **CONCLUSION**

19     Having reviewed the record and the ALJ's conclusions, this

20 court finds that the ALJ's decision is free of legal error and

21 supported by substantial evidence.

22     **IT IS ORDERED:**

23     1. Defendant's Motion for Summary Judgment, **ECF No. 16,** is

24 **GRANTED.**

25     2. Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is

26 **DENIED.**

27     The District Court Executive is directed to file this Order,

28 provide copies to counsel for the parties, enter judgment in favor

1 | of Defendant, and **CLOSE** the file.

2 |      DATED this 29th day of January, 2013.

3 |

4 |                  s/ James P. Hutton
                 JAMES P. HUTTON

5 |            UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT               - 15 -